UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00008-MR

| ROBERT H. JOHNSON, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| JASKA HUGHES ROMINGER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1].

I. **BACKGROUND**

Pro se Plaintiff Robert H. Johnson ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Warren Correctional Institution in Norlina, North Carolina. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on January 28, 2021 against Defendants Jaska Hughes Rominger and Jasper J. Goodman, both identified as Captains at the Watauga County Sheriff's Office located in Boone, North Carolina. [Doc. 1 at 3]. Plaintiff alleges that, on July 7, 2015, Defendant Rominger sexually assaulted him by fondling his penis and testicles and that Defendant Goodman was present and failed to stop Romginer despite Plaintiff's pleas. [Id. at 3-4]. Plaintiff

further alleges that Defendant Rominger slapped Plaintiff's face so hard that she caused his prescription eyeglasses to fall off Plaintiff's face and then she stepped on the glasses, breaking them. [Id.]. Finally, Plaintiff alleges that Defendant Rominger has been making death threats against his elderly mother since this incident and as recently as January 2021. [Id. at 4]. Plaintiff does not allege what constitutional rights he believes have been violated by the alleged conduct.

For relief, Plaintiff seeks injunctive relief, criminal charges, and a restraining order against Defendant Rominger; criminal charges against Defendant Goodman for his failure to act; and compensatory damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from

a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint fails initial review. Giving Plaintiff the benefit of every reasonable inference, he alleges that the acts of which he complained occurred in 2015. Because there is no explicit statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, courts borrow the state limitations periods for comparable conduct. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citation omitted) (affirming dismissal of § 1983 action on initial review for failure to file complaint within the applicable limitations period). Here, the conduct comparable to that alleged by Plaintiff is assault and battery, which has a three-year statute of

3

Case 5:21-cv-00008-MR   Document 9   Filed 03/16/21   Page 3 of 4

limitations in North Carolina. See N.C.G.S. § 1-52(19). As such, any claim Plaintiff may have had under § 1983 has long since expired. Plaintiff's failure to timely file the Complaint here is plainly evident. Plaintiff, therefore, has failed to state a claim as a matter of law.[1]

The Court, therefore, will dismiss Plaintiff's Complaint with prejudice because amendment would be futile.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice because it is barred by the statute of limitations.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action [Doc. 1] is dismissed with prejudice on initial review under 28 U.S.C. §§ 1915A and 1915(e).

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: March 16, 2021

Martin Reidinger
Chief United States District Judge

---

[1] To the extent Plaintiff intends to bring a cause of action based on Defendant Rominger's alleged death threats against Plaintiff's elderly mother, Plaintiff lacks standing to bring this claim. This claim may be brought, if at all, by Plaintiff's mother only.